FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 12  AM 7: 44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH BALLARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-3691** |
| **BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION C** |

## ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Joseph Ballard

("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that (1) he

was denied effective assistance of both trial and appellate counsel; (2) the trial court erred in

allowing the state to introduce other crimes evidence; (3) his indictment was invalid based on an

unconstitutionally selected grand jury foreperson; (4) the trial court erred in denying his motion

for a mistrial based on improper comments made by the prosecutor during voir dire; (5) the trial

court erred in denying his motion for post-verdict judgment of acquittal. Upon a thorough review

of the record, the memoranda, and the applicable law, the Court has determined that Petitioner's

habeas corpus petition is without merit. For the reasons set forth below, this petition is DENIED.

### I. Background

Petitioner, Mr. Joseph Ballard, is a state prisoner at the Louisiana State Penitentiary in

___ Fee_____
___ Process_____
_X_ Dktd _____
_✓_ CtRmDep_____
___ Doc. No_____

Angola, Louisiana.[1] The following facts are taken from the Louisiana First Circuit Court of

Appeals decision:[2]

> On the night of June 26, 1998, MY, Ballard's former spouse, MP, their 18
> year old daughter, and JM went to an automobile dealership near Thibodaux,
> Louisiana, to buy a car for MP. JM was dating MY, and planned to co-sign the
> loan for the purchase of the car. While they were there, Ballard drove into the
> parking lot of the dealership. He knew that JM was going to help his daughter buy
> a car and was angry about this situation.
>
> Seeing Ballard's van outside, JM went to his own truck in the dealership
> parking lot to get a handgun. Ballard had a sawed-off shotgun with him in the van.
> Both Ballard and JM fired at each other, and when it was over, Ballard had a
> gunshot wound to the hand and JM was dead. Joseph Ray Ballard surrendered to
> the first police officer who arrived on the scene, and was advised of his Miranda
> rights.

The appellate court also detailed the events leading up to the shooting, including Mr.

Ballard's history of violence towards his ex-wife and the victim, the events after the shooting,

and the testimony of witnesses at trial.

## II. Timeliness and Exhaustion

Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

requires that a Petitioner bring his Section 2254 claims within one year of the date on which his

conviction or sentence became final, 28 U.S.C. § 2244(d)(1)(A), and requires that a Petitioner

exhaust all of his claims before filing a federal habeas petition. *See Picard v. Connor*, 404 U.S.

270, 275 (1971). The state does not contest the timeliness of the petition[3] and does not contend

---

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[2] State Rec., Vol. 2 of 4 at 841, Judgment, *State v. Ballard*, No. 00-KA-0488 (Dec. 22, 2000). All of the parties' names, except for Mr. Ballard, have been omitted and replaced with initials.

[3] Fed. Rec. Doc. 5 at 5.

that Petitioner failed to exhaust his state remedies.[4] Therefore this Court will address the merits of the petition.

## III. Ineffective Assistance of Counsel

Petitioner's first claim is that he was denied effective assistance of trial counsel because counsel (1) should have filed a motion to quash his indictment when the matter was not set for arraignment within thirty days of filing the indictment;[5] (2) should have filed a motion for bond reduction because Petitioner's bail was excessive;[6] (3) should have filed a motion to change the venue of the trial because of pretrial press publicity;[7] (4) and (5) should have brought a proper challenge to the state judge's ruling admitting other crimes evidence at the evidentiary hearing and on appeal;[8] (6) should have requested that the trial court issue specific instructions limiting the purpose of other crimes evidence;[9] and (7) failed to investigate evidence indicating that Petitioner acted in self-defense.[10] Petitioner's second claim is that he was denied effective assistance of appellate counsel because his appellate counsel should have argued that the district court abused its discretion when she argued that the Court erred in allowing the State to introduce

---

[4] Fed. Rec. Doc. 5 at 6.

[5] Fed Rec. Doc. 1 at 4, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[6] *Id.* at 5.

[7] *Id.* at 5-7.

[8] *Id.* at 7-11.

[9] *Id.* at 11-12.

[10] *Id.* at 12-14.

evidence of other crimes.[11]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In making a

---

[11] *Id.* at 14-15.

determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003). Therefore, this Court must defer to the state court, which denied these claims, unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002) (citations omitted).

-5-

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). For the following reasons, this Court does not find that the state court decision was contrary to, or involved an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### Failure to File Motion to Quash Indictment

Petitioner's first argument is that his counsel was ineffective in that he should have filed a motion to quash his indictment when the matter was not set for arraignment within thirty days of filing the indictment.[12] The state court noted that Mr. Ballard was indicted on August 3, 1998, and was arraigned on October 15, 1998.[13] Louisiana law requires that the state district attorney arraign defendants within thirty days upon the filing of an indictment. *See* La. Code Cr. Pr. Art. 701(C). The trial court found that, "because of the seriousness of the crime charged and the amount of bail set, any attempt to have Ballard released would have been blocked by the State asking for an immediate arraignment, therefore making any motion unsuccessful."[14]

---

[12] Fed Rec. Doc. 1 at 4, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[13] State Rec., Vol. 3 of 4 at 1136, Judgment Denying Post-Conviction Relief, *Ballard v. Cain* (Sept. 4, 2003).

[14] State Rec., Vol. 3 of 4 at 1136, Judgment Denying Post-Conviction Relief, *Ballard v. Cain* (Sept. 4, 2003).

Moreover, even if counsel had succeeded in quashing the indictment, there is no reason why Petitioner could not be rearrested, indicted, and arraigned within thirty days of filing a new indictment. The Petitioner has not shown he was prejudiced by counsel's failure to file a motion to quash the indictment.

### Failure to File Motion for Bond Reduction

Petitioner's second argument is that his counsel was ineffective in failing to file a motion for bond reduction because Petitioner's bail was excessive.[15] The Court agrees with the state court in its ruling that, because the Petitioner had a history of making threats against his ex-wife, was possibly a danger to her and the community, and because the crime charged was very serious, it is likely that any attempt to reduce the bond would have been more than likely unsuccessful.[16] Additionally, the Court does not find that the Petitioner was prejudiced such that the outcome of the *trial* would have been different had his counsel filed a motion to reduce the amount of Petitioner's bail. This Court finds that this claim has no merit.

### Failure to File a Motion to Change Venue

Petitioner's third argument is that counsel was ineffective because he should have filed a motion to change the venue of the trial. Petitioner argues that his attorney should have filed a motion to change the venue of the trial because of an inflammatory article that was published on June 26, 1998 in a local newspaper about the crime and a response letter written by the district

---

[15] Fed Rec. Doc. 1 at 5.

[16] State Rec., Vol. 3 of 4 at 1137, Judgment Denying Post-Conviction Relief, *Ballard v. Cain* (Sept. 4, 2003).

attorney that was published in the same paper on August 2, 1998.[17] The article detailed the

history of Mr. Ballard and his ex-wife's relationship, including the fact that Mr. Ballard had

threatened and stalked her, and pled guilty to criminal trespass for appearing at her home in

violation of a restraining order. The article also insinuated that the district attorney was partially

at fault for the murder of the victim by allowing Mr. Ballard to plead guilty to the misdemeanor

charge of criminal trespass (and not serve prison time), instead of seeking felony charges

because, according to the state, the evidence did not support a felony conviction. The article

referred to two law professor's analysis of the wisdom of the district attorney's decision, one

concluding that the state could not have obtained a felony charge, the other concluding that the

state could have obtained a felony charge. The district attorney's response explained why the

state allowed Mr. Ballard to plead guilty to the misdemeanor.

The trial date was September 13, 1999, over a year after the last article was published.[18]

At voir dire, the court asked prospective jurors if they had heard or read anything about the

charges pending against Mr. Ballard.[19] Only two prospective jurors had read about it in the paper,

and both stated that they could be fair, open-minded, and make a decision based on the evidence

presented to them at trial.[20] Both of those jurors were excused by the state and by the Petitioner.[21]

---

[17] Fed Rec. Doc. 1 at 5-7, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691; State Rec. Vol. 3 of 4 at 953-956, Articles published in The Courier (July 26, 1998, August 2, 1998).

[18] State Rec., Vol. 1 of 4 at 330, Trial Transcript (Sept. 13, 1999).

[19] State Rec., Vol. 1 of 4 at 357-359, Trial Transcript (Sept. 13, 1999).

[20] *Id.*

[21] State Rec., Vol. 1 of 4 at 320-321, Minute Entry (Sept. 13, 1999).

A defendant is entitled to a trial by impartial jurors. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). However, "juror exposure to information about a defendant's prior convictions or to news accounts of the crime with which he is charged alone [do not] presumptively deprive the defendant of due process." *Murphy v. Florida*, 421 U.S. 794, 799 (1975).

Here, Mr. Ballard has failed to show that the two articles published were so inflammatory that they resulted in pervasive community prejudice. *Duncan v. United States*, 919 F.2d 981, 985 (5th Cir.1990), *cert. denied*, 500 U.S. 926 (1991). Moreover, the court questioned jurors about their opinions concerning Mr. Ballard's guilt, and the only two prospective jurors who had read any of the articles about Mr. Ballard did not serve on the jury.

### Evidence of Other Crimes

Petitioner's next three arguments relate to the admission of evidence concerning numerous incidents where Mr. Ballard made threats against his ex-wife and the victim ("threats evidence"). Petitioner first argues his counsel was ineffective because he failed to file a motion to suppress the threats evidence.[22] Next, Petitioner argues that his counsel was ineffective on taking a writ to the appellate court for review of the admission of the evidence because he did not argue that the Court abused its discretion as a basis for relief.[23] Last, Petitioner argues his counsel was ineffective for failing to request instructions to the jury that limited the use of the threats evidence.[24]

At an evidentiary hearing on July 7, 1999, the Court considered the admissibility of

---

[22] Fed Rec. Doc. 1 at 7-8.

[23] Fed Rec. Doc. 1 at 8-11.

[24] Fed Rec. Doc. 1 at 11-12.

twelve instances where Petitioner had made threats to his ex-wife and the victim. The defense

counsel objected to the introduction of the evidence, stating that the prosecution had not

described appropriate uses of such evidence.[25] At the end of the hearing, the prosecutor withdrew

his request with respect to one of the instances, and argued that the remaining instances

demonstrated Mr. Ballard's intent to kill the victim.[26] Defense counsel made extensive

objections, arguing the evidence was more prejudicial than probative and that the prosecution

had not specified appropriate uses of the evidence.[27] The Court then excluded the use of one

instance of threats, and allowed the remaining ten instances to be used at trial for the purposes of

demonstrating intent.[28] Therefore, Mr. Ballard's allegation that his attorney failed to object is

refuted by the record.

Petitioner last argues that his counsel was ineffective for failing to request instructions to

the jury that limited the use of the threats evidence. However, the state court did instruct the jury

to consider the evidence solely for the purpose of determining motive or intent.[29] The court

further stated that Mr. Ballard "is not to be found guilty of [second degree murder] merely

because he may have committed another offense."[30] Thus, Petitioner has not shown how his

---

[25] State Rec., Vol. 1 of 4 at 93, Transcript of Prieur Hearing (July 7, 1999).

[26] *Id.* at 226-227.

[27] *Id.* at 227-231.

[28] Id. at 231-232. The list of evidence reviewed at the hearing is in State Rec., Vol. 1 of 4 at 80, Motion and Order for Prieur Hearing. All instances except for #1 and #11 were admitted.

[29] State Rec., Vol. 2 of 4 at 827, Trial Transcript.

[30] State Rec., Vol. 2 of 4 at 827, Trial Transcript.

counsel was deficient.

### Failure to Investigate Self-Defense Evidence

Petitioner also argues that his counsel was ineffective because he failed to investigate evidence that would have supported the argument that Petitioner acted in self-defense.[31] A petitioner who alleges a failure to investigate on the part of his counsel must also allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *United States v. Green*, 882 F.2d 999 (5th Cir. 1989); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985). Mr. Ballard first argues that his counsel should have investigated statements made to a newspaper by his ex-wife which established that his ex-wife believed Mr. Ballard intended to kill her. Mr. Ballard argues these statements would have refuted his ex-wife's testimony that she believed he intended to kill the victim. Next, Mr. Ballard argues that his counsel should have subpoenaed the district attorney to explain why he used evidence of Mr. Ballard's prior crimes as evidence to support the second degree murder charge, when the basis of Mr. Ballard's prior activities only led to a misdemeanor (and not a felony) charge. Mr. Ballard also states that his counsel should have investigated whether the victim had a history of violence, and that this would have supported his theory of self-defense. Mr. Ballard also argues that his counsel should have investigated why toxicology or blood alcohol tests were not performed on the victim.

As to Mr. Ballard's first two arguments, this Court finds that further investigation into those matters would not have aided him: the statement by his wife does not refute that Mr. Ballard did not have intent to kill the victim, and it is clear that the district attorney used

---

[31] *Id.* at 12-14.

-11-

evidence of Mr. Ballard's prior crimes, even though they could not support a felony charge, to establish his intent to kill the victim.

Mr. Ballard's third argument, that his counsel was ineffective because he should have investigated whether the victim had a history of violence, is also without merit. Mr. Ballard bases his argument on notes in his attorney's files that indicate that the victim may have been hot tempered.[32] At trial, counsel argued that the victim ran out to meet Mr. Ballard, intended to get his gun, and was the aggressor in the situation.[33] However, the presence of these notes in his attorney's files, and his attorney's arguments that the victim was the aggressor, indicate that his attorney investigated the victim's tendency towards violence. Mr. Ballard provides no evidence that his attorney did not conduct a thorough investigation, and he provides no details as to what a more comprehensive investigation would have uncovered. Therefore, Mr. Ballard has not established that his attorney inadequately investigated the case.

With respect to Mr. Ballard's fourth argument, that his counsel should have investigated why toxicology and blood tests were not performed on the victim, the Court finds that he has done little but make unsupported assertions that his attorney failed to investigate, and that this led to his conviction. In denying this claim, the state court noted that no testimony at trial put the sobriety of the victim at issue.[34] The state court also held that "[e]ven in the case that [the victim] was under the influence of either drugs or alcohol, the evidence clearly showed that Ballard never

---

[32] Fed Rec. Doc. 1 at 13.

[33] State Rec., Vol. 2 of 4 at 548, Trial Transcript.

[34] State Rec., Vol. 3 of 4 at 1139, Judgment Denying Post-Conviction Relief, *Ballard v. Cain* (Sept. 4, 2003).

-12-

abandoned his aggressor role by withdrawing from the conflict in good faith and in such a

manner the victim would have or should have known he desired to withdraw and discontinue the

conflict. Further, the final shot to the head fired from point blank range while the victim was

helplessly crawling away after having been previously shot establishes that Ballard did not act in

self defense."[35] This Court agrees, and finds that, even if counsel's conduct was unprofessional in

failing to investigate whether a toxicology or blood alcohol test had been performed on the

victim, Mr. Ballard was not prejudiced by his failure to do so.

### Appellate Counsel's Failure to Argue

Petitioner last argues that he was denied effective assistance of appellate counsel because

his appellate counsel should have argued that the district court abused its discretion when she

argued that the Court erred in allowing the State to introduce evidence of threats he made against

the victim and his ex-wife. In cases where a claim for ineffective assistance of appellate counsel

arises out of an alleged failure to raise certain issues on appeal, courts employ a *Strickland*-based

analysis. *Hamilton v. McCotter*, 772 F.2d 171, 181-82 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly when the petitioner is

challenging the actions of appellate versus trial counsel. It must be noted that an appellate

counsel's performance is not rendered deficient merely because he fails to raise every argument

desired by his client. "Counsel is not obligated to urge on appeal every nonfrivolous issue that

might be raised (not even those requested by defendant)." *West v. Johnson*, 92 F.3d 1385, 1396

(5th Cir. 1996). "Experienced advocates since time beyond memory have emphasized the

importance of winnowing out weaker arguments on appeal and focusing on one central issue if

---

[35] *Id.*

-13-

possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).   Far from evidencing ineffectiveness, an appellant counsel's restraint often benefits his client because "a brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Id.* at 753.

Petitioner has failed to demonstrate that his underlying claims have any merit. It was appropriate for the court to admit the evidence of other crimes to establish intent. Therefore, Petitioner has not demonstrated that his counsel performed deficiently for failing to raise those claims.  Additionally, Petitioner has not meet his burden to prove resulting prejudice by establishing that he would have prevailed on appeal if his counsel had asserted those claims. *Briesno*, 274 F.3d at 210; *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000).

**IV. Other Crimes Evidence**

Petitioner also argues that his constitutional rights were violated when the trial court improperly admitted evidence that the Petitioner committed other crimes, specifically, threats against the victim and his ex-wife.[36] Specifically, Mr. Ballard argues that the trial court should not have admitted the threats evidence because, at the hearing prior to trial, the state failed to specify the purpose for which it intended to use his evidence of other crimes.

At the evidentiary hearing, the prosecution argued that the evidence of threats made by Mr. Ballard demonstrated his intent to kill the victim.[37] The Court allowed ten instances of threats made by Petitioner to be used at trial for the purposes of demonstrating intent and

---

[36]  Fed Rec. Doc. 1 at 15-17, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[37] *Id.* at 226-227.

-14-

motive.[38] In admitting the evidence, the court found that threats evidence was relevant to intent because the defense put intent at issue in the trial, and the evidence was not more prejudicial than probative. The court also excluded one instance as being irrelevant. At trial, the judge instructed the jury to use the evidence only to establish whether Mr. Ballard had the motive or intent to kill the victim.[39]

As the United States Fifth Circuit noted in *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir.), *cert. denied* 524 U.S. 979, 119 S.Ct. 28, 141 L.Ed.2d 788(1998):

> [C]laims challenging the exclusion [or inclusion] of evidence based on state law ... (do) not afford a basis for federal habeas corpus relief.  Federal habeas corpus review is limited to errors of constitutional dimension, and federal courts do not sit to review the mere admissibility of evidence under state law.  *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977, 125 L.Ed.2d 675 (1993) ... Thus, in reviewing state court evidentiary rulings, the federal habeas court's role "is limited to determining whether a trial judge's error is so extreme that it constituted a denial of fundamental fairness" under the Due Process Clause.  *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986) (internal citations omitted).

An error made by the trial judge justifies "habeas corpus relief only when it is material in the sense of [being a] crucial, critical, highly significant factor," such that the trial is rendered fundamentally unfair. *Andrade*, 805 F.2d at 1193.

Petitioner has not demonstrated that the trial court acted outside of its discretion and erroneously applied the law. In light of the fact that the trial court required the State to establish a permissible use for the other crimes evidence, and found that the State had established such a use, this Court finds that there was no error in the trial court's ruling. Therefore, Petitioner was

---

[38] Id. at 231-232.

[39] State Rec., Vol. 2 of 4 at 827, Trial Transcript.

not denied fundamental fairness.

## V. Unconstitutional Grand Jury Selection

Petitioner next argues that his indictment was invalid because the grand jury foreperson was selected by the judge pursuant to state laws, La.C.Cr.P. Art. 413, and 415B, that have since been amended due to the Supreme Court's ruling in *Campbell v. Louisiana*, 523 U.S. 392 (1998), which held that the selection of the grand jury foreperson by a single judge could support a defendant's allegation of an equal protection or due process violation if there was discrimination in the selection process. Today, the amended state law, under La. C.Cr. P. Art. 413(B) requires the random selection of the foreman, to prevent any possibility that a judge might choose a grand jury foreperson in a discriminatory manner. Petitioner argues that the fact that the grand jury foreperson was selected by the judge, pursuant to old version of La. C.Cr. P. Art. 413(B), renders the grand jury unconstitutional.[40] Petitioner also argues that his counsel was ineffective for failing to object to the fact that the grand jury foreperson was selected by the judge.[41]

"[D]iscrimination with regard to the selection of only the foreman requires that a subsequent conviction be set aside, just as if the discrimination proved had tainted the selection of the entire grand jury venire." *Rose v. Mitchell*, 443 U.S. 545, 551, n. 4 (1979). However, Petitioner does not argue that the grand jury foreperson was selected in a discriminatory manner. Nor does Petitioner allege any irregularities in the selection of other grand jury members. Petitioner does not show how the selection of the grand jury foreperson by the judge, or how his

---

[40]  Fed Rec. Doc. 1 at 18-20, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[41]  *Id.* at 21-22.

counsel's failure to object, prejudiced or harmed him in any manner. As such, Petitioner's claim
is without merit.

## VI. Improper Comments by the Prosecutor

Petitioner also argues that his constitutional rights were violated when the prosecutor
made improper comments during voir dire.[42] During voir dire, the prosecutor read provisions of
state law to the panel of jurors relating to self-defense, and questioned the jurors regarding their
understanding of the law of self-defense. The transcript reveals the following comments were
then made:

> Prosecutor: "Does everybody agree that as a civilized society you ought to
> have a right to protect yourself? Right?"
>
> Jurors: "Yes"
>
> Prosecutor: "But it also don't give you the right to run around like Annie
> Okley either, shoot the people who yell in self-defense, that you've got to meet
> this criteria. Now, more importantly in this particular case – and the facts are
> going to – this is whether the facts are going to hand on this case. And this is why
> the State is of a mind that self-defense is not at issue at this case and there's
> nothing that the defense can do but try to –"
>
> Defense: "Your Honor, excuse me. I object. I know it's voir dire, but
> we're getting into an argument at this point. It's more like closing argument than
> voir dire."
>
> Court: "It may be close."

---

[42] *Id.* at 25-27.

Prosecutor: "I'm instructing them on the statute."

Court: "I'll allow it."

Prosecutor: "What I'm getting at is that I'm not conceding by putting this up here that self-defense is at issue. In fact, I contest it straight down the line. But I have to make sure that you understand the law. Do you understand what I'm saying? I don't believe for a moment that any of you are going to buy a self-defense argument. All right? Now –"

Defense: "Again, Your Honor, I would object to the State making that sort of a statement."

Court: "It's an argument."

Prosecutor: "Alright. I'm moving on."[43]

Thereafter, at the conclusion of the state's questioning of the panel, and out of the presence of the jury, the defense moved for a mistrial, and, alternatively, moved to dismiss the panel on the basis that the prosecutor's comments amounted to improper personal comment or belief by the prosecutor. The trial court remarked: "I think it would be a proper objection if it was in closing," and held that because the comments were made in voir dire, and the panel had no idea of the facts of the case, the motion was denied.[44] Several of the jurors from this first panel served on the jury that found Petitioner guilty. In his final charges to the jury, the judge instructed the jury to render its verdict based solely on the facts properly admitted into evidence, and that the statements and arguments made by the prosecutor and defense counsel during the trial were

---

[43]  State Rec., Vol. 1 of 4 at 388-389, Trial Transcript.

[44]  State Rec., Vol. 1 of 4 at 396-397, Trial Transcript.

not evidence.[45]

In a federal habeas corpus proceeding, this court must review allegedly improper prosecutorial arguments under a strict standard. *Dowthitt v. Johnson*, 230 F.3d 733, 755 (5th Cir. 2000). The first inquiry in evaluating complaints of improper argument is whether the prosecutor's comments were indeed improper. See *United States v. Parker*, 877 F.2d 327, 332 (5 th Cir.), *cert. denied, 493* U.S. 871 (1989). But even if the comments were improper, Mr. Ballard must also show they were harmful. It is not enough that the prosecutors' statements are considered undesirable or even found to be universally condemned. The relevant issue is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168 (1986). To warrant federal habeas relief, the objectionable remarks must render the entire trial fundamentally unfair. *Id.*; *Parker*, 877 F.2d at 332. Although some occurrences at trial may be too prejudicial for a curative instruction to suffice, Mr. Ballard has not shown that the remarks he complains of are of such prejudicial character, *see Donnelly v. DeChristoforo*, 416 U.S. 637, 644, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974), or that the state court acted unreasonably in overruling his counsel's complaints of improper comment. Thus, in spite of the fact that the prosecutor's comments were improper, this Court does not find that the remarks rendered the entire trial process fundamentally unfair.

## VII. Motion for Post-Verdict Judgment of Acquittal

Petitioner last argues that the trial court erred when it denied his Motion for Post-Verdict Judgment of Acquittal because the evidence indicated that no rational trier of fact could find him

---

[45]   State Rec., Vol. 2 of 4 at 829, Trial Transcript.

guilty, as he had killed the victim in self defense.[46] The standard of review for an insufficient evidence claim in a federal habeas corpus proceeding is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999), *citing Jackson v. Virginia*, 443 U.S. 307 (1979). "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005), *quoting United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999). The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985). The Louisiana First Court of Appeals concluded that there was sufficient evidence to prove Mr. Ballard's guilt under Louisiana law, finding that a rational fact finder, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the defendant did not kill the victim in self-defense.[47]

The First Circuit's conclusion is based on the jury's findings, which "rejected the defense theory that this homicide was justifiable and committed in self defense."[48] The jury's rejection of the defense was based, in part, on evidence that Mr. Ballard shot the victim in the head, after he was "helplessly crawling away after having been previously shot" by Mr. Ballard.[49] It was also

---

[46] Fed Rec. Doc. 1 at 27-31, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Ballard v. Cain*, No. 05-3691.

[47] State Rec., Vol. 2 of 4 at 850, Judgment, *State v. Ballard*, No. 00-KA-0488 (Dec. 22, 2000).

[48] *Id.* at 851.

[49] *Id.* at 851.

based on Mr. Ballard's history of threatening and provoking the victim and his ex-wife.[50] As

finder of fact, the jury has the sole authority and responsibility for weighing the conflicting

evidence and determining the credibility of the witness testimony. *United States v. Green*, 180

F.3d 216, 220 (5th Cir. 1999); *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). It is

not the courts' role to second-guess the juries' determinations. *United States v. Guidry*, 406 F.3d

314, 318 (5th Cir. 2005).

The state court's determination is supported by the record, and must be presumed correct

by this court. *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993). This Court agrees that

there was ample evidence to support the jury's finding that Mr. Ballard was guilty beyond a

reasonable doubt. The state court's rejection of Mr. Ballard's sufficiency of the evidence claim is

not unreasonable, and he is not entitled to habeas relief.

## VIII. Conclusion

Having considered the complaint, the record, and the applicable law, it is determined that

Petitioner has not established that his state conviction and sentence present grounds for the relief

requested. Accordingly, IT IS ORDERED that the petition of JOSEPH BALLARD for writ of

habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be

entered accordingly.

New Orleans, Louisiana this 11th day of April, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE

---

[50] *Id.*

-21-